IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONDON MURRAY, ) | |
| ) | No. 2:23-cv-1190-RJC |
| Plaintiff, ) | |
| ) | |
| vs. ) | Judge Robert J. Colville |
| ) | |
| SESSIONS, ISRAEL & SHARTLE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER OF COURT**

As noted in its Order to Show Cause dated January 17, 2024, the Court previously granted Plaintiff London Murray's motion to proceed *in forma pauperis*. *See* Mem. Order at 1, 8 (ECF No. 2). By way of a Memorandum Order dated December 4, 2023, the Court dismissed Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, without prejudice pursuant to its obligations under 28 U.S.C. § 1915(e) to screen complaints filed by persons proceeding *in forma pauperis*. The Court ordered that Plaintiff amend those claims within 30 days of the date of its prior order, i.e., by January 3, 2024. *See* Mem. Order at 8 (ECF No. 2). Plaintiff failed to amend her claims by the January 3, 2024 deadline, and the Court subsequently issued an order requiring Plaintiff to show cause by January 31, 2024 as to why this action should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

"A district court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Jones v. New Jersey Bar Ass'n*, 242 F. App'x 793, 793 (3d Cir. 2007). Dismissal with prejudice is a drastic, "extreme" sanction, and courts consider several factors in deciding whether the same is

appropriate. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984). The United States Court of Appeals for the Third Circuit has explained:

> Ordinarily, when a court is determining sua sponte or upon motion of a defendant whether to dismiss because of a plaintiff's failure to prosecute, and the plaintiff is opposing the motion, the court must consider several factors in reaching its decision: (1) the extent of the party's personal responsibility; (2) the prejudice to the opponent; (3) any history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) whether effective alternative sanctions are available; and (6) the meritoriousness of the claim or the defense.

*Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir. 1994) (citing *Poulis*, 747 F.2d at 868). The Third Circuit has further explained:

> In balancing the *Poulis* factors, we do not have a "magic formula" or "mechanical calculation" to determine whether a District Court abused its discretion in dismissing a plaintiff's case. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.1992). While "no single *Poulis* factor is dispositive," [*Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir.2003)], we have also made it clear that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373.

*Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

In the present case, the Court is constrained to conclude that dismissal of this action with prejudice is warranted. Plaintiff is personally responsible for her failure to prosecute. The only action taken by Plaintiff to date was the filing of her IFP Motion and the attached Complaint. The Court provided Plaintiff with a deadline for amendment of her FDCPA claims and a deadline for Plaintiff to show cause as to why this action should not be dismissed. Plaintiff took no action in response, and the first *Poulis* factor thus weighs in favor of dismissal. While the Court finds that the factor of prejudice to the defendant does not weigh in favor of dismissal, the Court finds that Plaintiff's failure to respond to court orders displays a willful history of dilatoriness. Factors three and four thus weigh in favor of dismissal with prejudice. Further, given Plaintiff's IFP status, the Court finds that there are no effective alternative sanctions.

The Court also finds that the "meritoriousness of the claim" factor weighs in favor of dismissal with prejudice in this matter. For purposes of a Fed. R. Civ. P. 41(b) analysis, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 869–70 (3d Cir. 1984). In its Memorandum Order, the Court noted as follows with respect to Plaintiff's FDCPA claims:

> Assuming that all these assertions are true, drawing all inferences in Ms. Murray's favor, and giving her complaint the favorable construction to which pro se litigants are entitled, these allegations do not state a claim under any provision of the FDCPA.

ECF No. 2 at 6. In an abundance of caution, the Court permitted Plaintiff leave to amend. *See* ECF No. 2 at 7 ("Here, the Court accepts the possibility—though perhaps not the probability—that Ms. Murray may have omitted additional facts that would support her FDCPA claims."). Plaintiff previously failed to state a claim, and her failure to amend indicates to the Court that her claims are not meritorious.

For all of these reasons, this action is hereby dismissed with prejudice. The Clerk of Court shall mark this case as closed.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: February 12, 2024

cc:

    London Murray
    1311 Labelle Ave
    Pittsburgh, PA 15221